Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered July 10, 2013, which granted defendant’s motion to dismiss the first amended complaint, unanimously affirmed, without costs.
Plaintiff failed to state a claim for discrimination based on sexual orientation under the New York City Human Rights Law (City HRL), because she failed to sufficiently allege that she was treated differently because of her sexual orientation (see Askin v Department of Educ. of the City of N.Y., 110 AD3d 621, 622 [1st Dept 2013]). The only direct factual allegation in the first amended complaint of discrimination based on sexual orientation is plaintiff’s allegation that in “late 2008,” two “high-level Metro-North employees . . . made inappropriate and offensive comments about her sexual orientation.” The statute of limitations for claims under the City HRL, however, is three years (see Administrative Code of City of NY § 8-502 [d]). Since plaintiff did not file her complaint in this action until four years later, these remarks are too remote in time to support her discrimination claim (see Stembridge v New York City Dept. of Educ., 88 AD3d 611, 611 [1st Dept 2011], lv denied 19 NY3d 802 [2012]). Nor may the court consider these remarks pursuant to the continuing-violation doctrine, as plaintiff has not alleged facts comprising “a single continuing pattern of unlawful conduct extending into the [limitations] period immediately preceding the filing of the complaint” (Ferraro v New York City Dept. of Educ., 115 AD3d 497, 497-498 [1st Dept 2014]; *545 see Van Zant v KLM Royal Dutch Airlines, 80 F3d 708, 713 [2d Cir 1996]).
Plaintiffs claim for gender discrimination based on disparate pay from 2003 to 2009 is time-barred. To the extent plaintiff, who was herself an assistant vice-president, alleges that she was paid $5,000 more than two male assistant vice-presidents who retired by 2012, but was paid $5,000 less than the man who replaced one of the retired men, she failed to state a cause of action. Since all four individuals, including plaintiff, were assistant vice-presidents, and plaintiff has not otherwise distinguished among their responsibilities, she has failed to allege that she was paid less than similarly-situated male counterparts, as two of the three male assistant vice-presidents were paid less than she was (see Melman v Montefiore Med. Ctr., 98 AD3d 107, 114 n 2 [1st Dept 2012]; Shah v Wilco Sys., Inc., 27 AD3d 169, 176 [1st Dept 2005], lv dismissed in part, denied in part 7 NY3d 859 [2006]).
Plaintiff also failed to state a claim for retaliation under the City HRL (see Fletcher v Dakota, Inc., 99 AD3d 43, 51-52 [1st Dept 2012]). The initial protected activity alleged by plaintiff— her late-2008 complaint about offensive comments by two “high-level” coworkers—is far too removed from defendant’s alleged post-2009 (non-time-barred) actions to establish the requisite causal nexus between the protected activity and the adverse action (see Matter of Parris v New York City Dept. of Educ., 111 AD3d 528, 529 [1st Dept 2013], lv denied 23 NY3d 903 [2014]). Further, plaintiffs contention that her April 2011 request for a salary review and increase constituted a protected activity lacks merit, as she makes no allegation that she informed defendant that she was being underpaid because of her gender (see Fletcher, 99 AD3d at 54).
We have considered plaintiffs remaining contentions and find them unavailing.
Concur—Mazzarelli, J.P, Friedman, Saxe and Feinman, JJ.